UNITED CIGAR STORES COMPANY OF AMERICA, Plaintiff, Appellant, *v.* MIDDLESEX TRANSPORTATION COMPANY, Defendant, Respondent.

Supreme Court, Appellate Term, First Department, March, 1924.

**Warehousemen — action for damage to case of cigars by mud and water while on defendant's pier in storm — defendant's watchman failed to move case from obvious danger — storm not act of God — judgment dismissing complaint reversed and judgment directed for plaintiff.**

Defendant is liable as a warehouseman where it appears that plaintiff's shipment of a case of cigars was permitted to remain on defendant's pier about sixty feet from the entrance, on a board about one inch from the floor, through a rain storm, and the defendant's watchman who was present during the storm failed to move the case from the obvious danger.

The storm was not so unusual as to bring it within the definition of an act of God. The judgment dismissing the complaint is reversed and judgment directed in favor of the plaintiff.

APPEAL by the plaintiff from a judgment in favor of the defendant, dismissing the complaint upon the merits, entered in the Municipal Court of the city of New York, borough of Manhattan, ninth district.

*Charles J. Holland,* for appellant.

*Kalish & Kalish (Theodore J. Miller,* of counsel), for respondent.

*Per Curiam.*  The court below found on the evidence that the defendant was liable as a warehouseman, if at all, and we agree with this finding.  The judgment, however, must be reversed as against the weight of evidence.  The case of cigars which was shipped to the plaintiff by the defendant's boat duly arrived in New York and was placed by the carrier on the pier about sixty feet from the entrance thereof, on a board about one inch from the floor.  The defendant knew that the case contained cigars.  The

storm which occurred the night before the plaintiff called for the goods was not such an unusual storm as to bring it within the definition of an act of God. The conduct of the employees of the defendant in failing to properly protect perishable goods of this kind while on the pier, from the water and mud washed in on the pier during the storm, is negligence. The defendant had a watchman on the pier during the storm; and he neither closed the entrance doors through which the mud and water flowed, nor did anything toward moving the case from the obvious danger of the approaching water.

The amount of damages is not disputed. Judgment is, therefore, reversed, with $30 costs, and judgment directed for the plaintiff in the sum of $158.75, with interest thereon from June 22, 1920, and appropriate costs in the court below.

All concur; present, BIJUR, MULLAN and LYDON, JJ.

Judgment reversed.